# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1078V

|  |  |
|---|---|
| ETHEL M. BRITT, as Personal Representative of the Estate of JAMES E. BRITT,<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: October 10, 2023 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 18, 2021, Ethel M. Britt, as personal representative of the estate of James E. Britt, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Mr. Britt suffered from Guillain-Barré syndrome as a result of an influenza vaccine he received on September 19, 2019. Petition, ECF No. 1. On February 3, 2023,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 32.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $26,931.37 (representing $25,636.00 in attorney's fees and $1,295.37 in attorney's costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed Aug. 2, 2023, ECF No. 37. In accordance with General Order No. 9, Petitioner also has filed a signed statement indicating that Petitioner incurred $9.10 in out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the Motion on Aug. 16, 2023, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 38. Petitioner filed a reply on Aug. 17, 2023, requesting an award of fees and costs as indicated in Petitioner's Motion. ECF No. 39.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following hourly rates for attorney's performing work in this matter. For attorney Leah Durant: $395 for time billed in 2020; $420 for time billed in 2021; $441 for time billed in 2022; and $463 for time billed in 2023. For attorney Richard Armada: $420 for time billed in 2022, and $441 for time billed in 2023. And for attorney Kate Coleman, $435 per hour for time billed in 2021.

The rates requested for Ms. Durant and Mr. Armada are reasonable, and consistent with prior determinations and shall therefore be awarded herein. Ms. Coleman, however, was previously awarded the rate of $415 per hour for time billed in 2021, less than what is being requested herein. *See Stoliker* v. *Sec'y of Health & Hum. Servs*., No. 17-990V, 2021 WL 1605960 (Fed. Cl. Spec. Mstr. Mar 24, 2021). I find no reason to deviate from the previously awarded rate. Accordingly, I reduce Ms. Coleman's rate to be consistent with her previously-awarded rate. This results in a reduction of attorney's fees to be awarded of **$254.00**.[3]

## ATTORNEY COSTS

Petitioner requests $1,295.37 in overall costs. ECF No. 37-2. This amount is comprised of obtaining medical records, shipping costs, and the court's filing fee. I have reviewed the requested costs and find them to be reasonable and shall award them in full. The personal costs incurred by Petitioner are also properly awarded.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $26,686.47[4] as follows:**

---

[3] This amount consists of ($435 - $415 = $20 x 12.70 hrs = $254.00).

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.

- **A lump sum of $26,677.37, representing reimbursement for fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Leah V. Durant; and**

- **A lump sum of $9.10, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.